UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN EUGENE GILLISPIE,

              Plaintiff,

v.

CORRECT CARE SOLUTIONS,
JOHN GOSSAGE,
JOHN DOE, BCJ ADMINISTRATOR,
LIEUTENANT STEPHENS,
OFFICER BOLTON,
JESSICA JONES,
DR. FATOKI,
EB NURSE PRACTITIONER,
JANE DOE, NURSE, and
JOHN DOE, NURSE,

              Defendants.

Case No. 16-cv-1592-pp

---

# DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1)

---

The plaintiff, a *pro se* prisoner, filed a civil rights case under 42 U.S.C. §1983, alleging that the defendants violated his Eighth Amendment rights at the Brown County Jail. Dkt. No. 1. The case comes before the court on the plaintiff's motion to proceed without prepayment of the filing fee and for screening of the plaintiff's complaint.

**I.    MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act applies to this case, because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with

1

his lawsuit without pre-paying the civil case filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 14, 2016, the court assessed an initial partial filing fee of $67.23. Dkt. No. 7. The plaintiff paid that amount on January 18, 2017. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The Prison Litigation Reform Act ("PLRA") applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA requires courts to screen any complaint brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set put in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

To state a claim for relief under 42 U.S.C. §1983, the plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-

Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

> B. Facts Alleged in the Complaint

The plaintiff has Type 2 diabetes and is insulin-dependent. Dkt. No. 1 at 3. He arrived at the Brown County Jail ("BCJ") sometime in March 2016, and since then, he has "constantly" received expired insulin. Id. He notified and warned BCJ medical staff multiple times that the insulin was expired, but they did nothing. Id.

On or around March 20, 2016, the plaintiff started having "flare ups" of boils, sores and infections all over his body. Id. Again, he notified BCJ medical staff of his condition. Id. He also filed multiple requests for medical care. Id. BCJ medical staff did not examine him for three to four weeks; when they finally did, Dr. Fatoki refused to diagnose or test the plaintiff for MRSA, even though the plaintiff had clear signs of the infection. Id.

Beginning on November 9, 2016, the plaintiff notified BCJ medical staff and unit officers of a severe infection on his left hand that was progressing onto his arm. Id. The plaintiff did not receive medical attention for the infection until 7 p.m. on November 17, 2016—a week later. Id. Brown County Sheriff John Gossage then took the plaintiff to the hospital, where the plaintiff had to have immediate surgery to remove the infection. Id.

The plaintiff seeks monetary damages and injunctive relief. Id. at 5.

4

C.  Legal Analysis of Alleged Facts

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state a claim under the Eighth Amendment, a plaintiff must allege that jail officials were "deliberately indifferent" to a substantial risk of serious harm to inmate health or safety. Id. at 834.

Jail officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). A medical need is considered sufficiently "serious" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Id. (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

1.  *The Plaintiff's "Individual Capacity" Claims*

Liability under §1983 is predicated on a defendant's personal involvement in the constitutional deprivation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). A state official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).

According to the complaint, the plaintiff notified "medical staff" that he had boils, sores and infections all over his body because he was receiving expired insulin. Medical staff delayed examination of his condition for several weeks, making his condition worse. When Dr. Fatoki did eventually examine

5

the plaintiff, he refused to test or diagnose for MRSA even though the plaintiff was showing clear signs of the infection. The plaintiff finally received treatment in November 2016, and he needed emergency surgery on his left hand and arm to remove the infection. Because the plaintiff is insulin-dependent, he could have suffered other, more serious complications from receiving expired insulin. The court finds that the plaintiff has alleged sufficient facts to allow him to proceed with an Eighth Amendment deliberate indifference claim against the following BCJ medical staff members: EB Nurse Practitioner, Jane Doe Nurse, and John Doe Nurse, as well as against Dr. Fatoki.

In November 2016, the plaintiff notified "unit officers" of a severe infection on his left hand that was progressing onto his arm. They too failed to act and provide him with medical care. As discussed above, the plaintiff needed surgery to remove the infection from his hand and arm. The court finds that the plaintiff has alleged sufficient facts to allow him to proceed with an Eighth Amendment deliberate indifference claim against unit officers Lieutenant Stephens and Officer Bolton.

In reviewing the plaintiff's complaint, the court was unable to determine how Jessica Jones may have been involved in the incidents the plaintiff described. The complaint does not explain whether Ms. Jones is medical staff or a unit officer, or whether she is employed in some other capacity by the Brown County Jail. The court will dismiss defendant Jessica Jones as a defendant for lack of personal involvement.

1. *The Plaintiff's "Official Capacity" Claims*

"Under § 1983, there is no respondeat superior liability." Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir. 2002). In order to prevail on an official capacity suit against the sheriff or other jail administrators, a plaintiff must show that an official policy or custom caused his injury. Id. A plaintiff may demonstrate an official policy through providing proof of: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Estate of Sims *ex rel* Sims v. C'nty of Bureau, 506 F.3d 509, 515 (7th Cir. 2007); see Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 692 (1978); see also Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005).

The complaint implies that the Brown County Jail, through its medical care contractor Correct Care Solutions, has been supplying expired insulin to its inmates for at least eight months. The plaintiff, therefore, may proceed with an Eighth Amendment claim that Brown County Sheriff John Gossage and Brown County Jail Administrator John Doe, both of whom have final policymaking authority over the jail, have engaged in a practice of providing expired insulin that violates the plaintiff's constitutional right to adequate medical care, and/or that they failed to adequately train medical staff regarding the plaintiff's constitutional right to adequate medical care.

### 3. *The Plaintiff's Claims Against a Private Corporation*

Finally, a private corporation providing essential government services is liable under §1983 for constitutional violations caused by an unconstitutional policy or custom of the corporation. See Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789 (7th Cir. 2014). The plaintiff must allege a "policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." Id. at 796. As discussed above, the plaintiff alleges that Correct Care Solutions has a practice of supplying Brown County Jail with expired insulin. Therefore, the court will allow him to proceed with an Eighth Amendment claim that Correct Care Solutions has a practice of providing expired insulin that violates the plaintiff's constitutional right to adequate medical care, and/or that they failed to adequately train medical staff regarding the plaintiff's constitutional right to adequate medical care.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** the agency having custody of the plaintiff to collect from the plaintiff's prison trust account the $282.77 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that Jessica Jones is **DISMISSED** as a defendant.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on John Gossage, Lieutenant Stephens, Officer Bolton, Dr. Fatoki, and Correct Care Solutions pursuant to Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived, either by the court or by the U.S. Marshals Service.

The court **ORDERS** John Gossage, Lieutenant Stephens, Officer Bolton, Dr. Fatoki, and Correct Care Solutions to file a responsive pleading to the complaint.

The court further **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff does not need to mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should, however, retain a personal copy of each document he files with the court.

The court advises the plaintiff that if he does not file pleadings or other documents by the deadlines the court sets, the court could dismiss his case for failure to diligently prosecute it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 11th day of September 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**