UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN EUGENE GILLISPIE,

        Plaintiff,

v.                                              Case No. 16-cv-1592-pp

CORRECT CARE SOLUTIONS, *et al.*,

        Defendants.

---

**ORDER GRANTING THE PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS (DKT. NO. 54) AND GRANTING THE DEFENDANTS' JOINT MOTION TO AMEND/CORRECT THE SCHEDULING ORDER (DKT. NO. 60)**

---

On August 16, 2018, the plaintiff filed his fourth motion for extension of time to respond to discovery requests. Dkt. No. 54. He explains that he "consulted with a law firm willing to represent [him]," and that he needs a sixty-day extension of time for counsel to appear. Id. The defendants oppose the motion. Dkt. Nos. 55, 58-59. They remind the court that the plaintiff filed this case in November 2016—almost two years ago now—and that they served the plaintiff with their discovery requests on February 6, 2018 and April 10, 2018. Dkt. No. 55. Since then, the defendants explain, the court has given the plaintiff three extensions of time to respond to discovery, yet the plaintiff has not produced anything.[1] Dkt. No. 55 at 2-4. The defendants state that their

---

[1] Defendants Correct Care Solutions and Dr. Adeyemi Fatoki also initially stated that the plaintiff did not provide them with blank authorization forms to review his medical records. See Dkt. No. 55 at 1. On August 28, 2018, CCS and

discovery requests are "fact-based," meaning that the plaintiff only needs to describe what happened to him, and that the responses do not require legal research or the assistance of a lawyer. Id. at 6. The defendants also point out that although the plaintiff says that he has a law firm willing to represent him, he has not provided the name of that firm (or any lawyer), and that since the plaintiff filed his request a month ago, no law firm or lawyer has filed a notice of appearance on his behalf. Id. at 4.

On September 17, 2018, the defendants filed a joint motion to amend the scheduling order. Dkt. No. 60. They ask the court to extend the summary judgment deadline from September 25, 2018 to November 30, 2018, given the pending motion for extension of time regarding discovery responses. Id.

The court issued the scheduling order in this case on November 2, 2017—almost eleven months ago. Dkt. No. 27. It set a deadline of March 2, 2018 for the parties to complete discovery; that means that the court gave the parties four months to exchange their information. On the day that discovery was set to close—March 2, 2018—the court received the plaintiff's first request to extend the deadline; he said only that there had been delays getting documents copied and returned, that there was a limited law library for conducting research, and that the prison had been on lockdown for two weeks due to flu. Dkt. No. 34. The court granted the plaintiff's request for an extension, even though responding to discovery demands does not require a

---

Fatoki filed a letter indicating that they had received signed authorizations from the plaintiff. See Dkt. No. 58.

person to do any legal research in the library. The court extended the discovery deadline to May 25, 2018.

On May 21, 2018, the court received the plaintiff's second motion to extend the deadline. Dkt. No. 47. This time, he said that the defendants' interrogatories required "a lengthy response," that he hadn't gotten documents from an open records request he'd sent to the Brown County Sheriff's Department, and that he needed those documents to respond. Id. It is not clear why the plaintiff would need documents from somewhere else to respond to interrogatories; if a person does not know the answer to an interrogatory, that person needs only to say so. If the answer to the interrogatory depends on information that someone else has, the plaintiff can explain that. Nonetheless, the court granted the extension, and the court set the new deadline to complete discovery at July 25, 2018.

On June 29, 2018, the court received the plaintiff's *third* request for an extension. Dkt. No. 52. This request said that the institution where he was in custody had been on lockdown, so he hadn't been able to get to the law library to obtain documents that he needed to complete his research. Id. The court should have told the plaintiff this at that point, but parties do not need to conduct legal research to respond to discovery demands. Discovery is the process of collecting *facts* about the case. Each side gets to ask the other side things like: What happened? Who saw what happened? Who might have records about what happened? When did it happen? Who was present when it happened? The answers to those kinds of questions are not in law books, or in

3

a law library. They should be in the plaintiff's head. Again, if the plaintiff does not know the answer to an interrogatory, he can say that. If he does not have a document that the defendants have asked him to produce, he can say that. If he does not "admit" a request for admission, he can respond by denying it. There is no need to go to the library. There is no need to refer to decisions of other courts, or to refer to statutes, or to look up anything.

The court understands that it is hard for an incarcerated inmate to represent himself. Things that are easy for lawyers—like walking down the hall to the copy machine to make copies, or putting a stamped envelope in the mail—are not so easy for people in custody. But people who are in custody manage to do it every day. More than a third of this court's civil cases are filed by incarcerated inmates. Many of them manage to respond to discovery requests without asking for any extensions; many more get by with perhaps one extension of time. The plaintiff now has had ten and a half months to respond to discovery on a single, straightforward claim that the defendants were deliberately indifferent to his serious medical need regarding injuries and illnesses he suffered because of taking expired insulin. That is far more than enough time for him to answer questions of fact about what happened, and who was involved in what happened.

The court will grant this request, but *this is the last extension the court will give the plaintiff*. If the plaintiff does not respond to the defendants' discovery demands by the deadline the court sets in this order, the defendants may file the appropriate motion with the court. **The court will not give the**

**plaintiff any further extensions of time.** In addition, this is an extension of the deadline for the plaintiff to *respond to* the defendants' requests; the court is *not* extending the deadline for the plaintiff to *make* discovery requests. The plaintiff cannot request any further discovery from the defendants.

The court **GRANTS** the plaintiff's motion for an extension of time to respond to discovery requests. Dkt. No. 54. The court **ORDERS** that the plaintiff shall serve his responses to the defendants' discovery demands in time for the defendants to receive them by the end of the day on **Friday, October 26, 2018**. If the defendants do not receive the plaintiff's responses by the end of the day on Friday, October 26, 2018, they are free to file the appropriate motion.

The court **GRANTS** the defendants' joint motion to amend/correct the scheduling order. Dkt. No. 60. The court **ORDERS** that the deadline for filing dispositive motions is extended to **December 7, 2018**. The deadline for opposing motions for summary judgment is January 9, 2019.

Dated in Milwaukee, Wisconsin this 20th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**