UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN EUGENE GILLISPIE,

        Plaintiff,

  v.

Case No. 16-cv-1592-pp

CORRECT CARE SOLUTIONS, LLC,
JOHN GOSSAGE, LARRY MALCOMSEN,
LIEUTENANT STEPHENS, OFFICER BOLTON,
ADEYEMI FATOKI, MD, and EMILY BLOZINSKI,

        Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 63), DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 69), AND GRANTING DEFENDANTS' RULE 7(h) MOTION FOR EXTENSION OF TIME (DKT. NO. 72)**

The court issued its screening order on September 11, 2017. Dkt. No. 13. The defendants either waived service or answered, and on November 2, 2017, the court issued a scheduling order. Dkt. No. 27. In that order, the court required the parties to complete their discovery by March 2, 2018, and to file dispositive motions by April 3, 2018. Id. Since then, the plaintiff has filed four motions to extend time to complete discovery. Dkt. Nos. 34, 47, 52, 54. The court granted all these motions, with the result that the final deadline for the plaintiff to respond to the defendants' discovery demands was October 26, 2018. Dkt. No. 62. Practically, that means that the plaintiff had almost a year (eleven months and twenty-four days) to conduct and respond to discovery—

1

from November 2, 2017, when the court issued the scheduling order, to October 26, 2018, the last deadline the court set.

On October 31, 2018—five days *after* the final deadline for completing discovery—the court received from the plaintiff his responses to the defendants' discovery demands. Dkt. Nos. 67, 67-1. The court cannot tell when the plaintiff gave these documents to prison staff for filing, and he ignored the court's instructions in the scheduling order that he serve the discovery responses on *the defendants*, rather than filing them with the court. See Dkt. No. 27 at 1 ("parties must serve discovery requests and responses . . . *on the opposing party*, and must not file them with the court . . . .").

The State defendants did not receive the discovery by October 26, 2018. See Dkt. No. 65 at 1 (affidavit of counsel Amy Doyle, dated October 26, 2018). As of October 31, 2018 at 4:49 p.m., the medical defendants had not received the discovery responses. Dkt. No. 69. This is why all of the defendants have asked the court to dismiss the plaintiff's case.

Both sets of defendants remind the court that it has given the plaintiff an unusually long time to respond to discovery demands. Dkt. Nos. 63, 69. Both remind the court that in its September 20, 2018 order granting the last extension, the court told the plaintiff that it would not grant any more motions to extend time. Id. (citing Dkt. No. 62). Both remind the court that it told the defendants that if they did not receive the discovery demands by day's end on October 26, 2018, they could file motions to dismiss. Id.

The parties are justified in asking for dismissal under these circumstances. While the court recognizes that it is hard for incarcerated inmates to represent themselves when they aren't lawyers and don't always know or understand the rules that govern litigation, it also notes that many, many inmate plaintiffs manage to timely respond to discovery demands and do what is necessary to move their lawsuits forward. Many inmates have a hard time getting documents or records that are responsive to discovery demands, but they manage to do so within the time the court provides. When the plaintiff in this case finally did respond to the discovery demands, he did so only after the court told him it wouldn't grant any further extensions—which leads the court to believe that he could have provided the information sooner, but didn't do so until push came to shove, as the saying goes. The defendants have reason to be frustrated that they waited months to get discovery responses to which they were entitled, and then have the defendant provide the responses late, with no explanation.

Reluctantly, however, the court is going to deny the motions to dismiss. The plaintiff *has* finally provided discovery responses. As the court said, it has no way of knowing when he provided those responses to prison staff to file, so it can't know whether the five-day delay was the plaintiff's fault or the fault of the staff. While the plaintiff did not follow the rules requiring him to serve his responses on the defendants, instead of filing them with the court, the fact that he *did* file them with the court meant that the defendants got them on October 31, a (relatively) short five days after the deadline. The court does not wish to

3

reward the plaintiff for failing to comply with this court's order and failing to follow its rules. But under these circumstances, given the law requiring that courts be (somewhat) lenient with parties who represent themselves, the court is going to deny the motions.

The court notes, however, that on December 7, 2018, the State defendants filed their motion for summary judgment and required attachments. Dkt. Nos. 73-83. The medical defendants have filed a motion under Civil L.R. 7(h), asking the court to extend the deadline for filing their summary judgment motion until Monday, December 17, 2018. Dkt. No. 72. The court is going to grant the medical defendants' motion, and allow them a deadline of December 17, 2018 to file their motion for summary judgment. The court is going to require that the plaintiff respond to both motions by the end of the day on Friday, January 25, 2019. The court will *not* entertain any requests from the plaintiff for extensions of that deadline, unless something extraordinary happens—the plaintiff becomes ill or injured and cannot respond for medical reasons, for example. The court will not extend that deadline for reasons such as the plaintiff not being a lawyer, or not understanding the rules, or not being able to find a jailhouse lawyer to help him, or not having access to the law library as frequently as he'd like. The plaintiff must file his opposition materials to the defendants' motions for summary judgment in time for the court and the defendants to receive them by the end of the day on January 25, 2019. If that means the plaintiff needs to get the materials to prison staff a week ahead of time, so be it. It is up to the plaintiff to make sure

4

that he complies with this order. If the plaintiff does not file some kind of opposition by the end of the day on January 25, 2019, the court will consider the defendants' motions without his input.

The court notes that for summary judgment motions, the court must decide whether there are any genuine disputes between the parties as to any material (important to the claims) facts. If the plaintiff disputes any of the defendants' proposed findings of facts, he must submit some sort of evidence—his own unsworn declaration under 28 U.S.C. §1746, a grievance form, a letter, an HSU request/response—showing that there is a genuine dispute about the fact. If he doesn't dispute any of the facts, then the court will decide whether, under the law that applies, it is appropriate to enter judgment in favor of the defendants. The plaintiff should know the evidence about the facts, and should have access to the documents he might need to contest any of the defendants' facts. As to the law, the court has given the plaintiff more than five weeks to respond to the State defendants' motion, and five weeks to respond to the medical defendants' motion. That should be enough time for him to be able to visit the law library a few times to do the research he needs.

The court **DENIES** the State defendants' motion to dismiss for failure to prosecute. Dkt. No. 63.

The court **DENIES** the medical defendants' motion to dismiss for failure to prosecute. Dkt. No. 69.

The court **GRANTS** the medical defendants' Civil Rule 7(h) motion to extend the deadline to file summary judgment materials. Dkt. No. 72.

The court **ORDERS** that the medical defendants shall file any motion for summary judgment and supporting materials in time for the court to receive them by the end of the day on December 17, 2018.

The court **ORDERS** that the plaintiff shall file his opposition responses to the summary judgment motions of both sets of defendants in time for the court to receive them by the end of the day on **January 25, 2019**. The court will not grant any extensions of that deadline absent extraordinary circumstances.

Dated in Milwaukee, Wisconsin this 10th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**