UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN EUGENE GILLISPIE,

                Plaintiff,

v.                                                   Case No. 16-cv-1592-pp

CORRECT CARE SOLUTIONS, *et al.*,

                Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO RESTRICT DOCUMENT (DKT. NO. 85)**

---

On December 17, 2018, defendants Correct Care Solutions, Adeyemi Fatoki and Emily Blozinski filed a motion for summary judgment, dkt. no. 86, along with a Civil L.R. Rule 7(h) expedited, non-dispositive motion to restrict document, dkt. no. 85. The motion to restrict explains that the plaintiff's claim involves denial of access to medical care, which meant they were required to attach portions of the plaintiff's medical records as exhibits in support of their motion for summary judgement. Docket No. 85 at ¶¶1-3. According to the defendants, the exhibits (along with the proposed findings of fact and the brief in support of the motion for summary judgment) may contain the plaintiff's protected medical information, which under HIPAA should not be accessible to the public. Id. at ¶¶4-7.

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." In re Specht, 622

1

F.3d 698, 701 (7th Cir. 2010) (citing Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544 (7th Cir. 2002)). "HIPAA did not give rise to a physician-patient medical records privilege . . . [but] it did . . . create a procedure for obtaining authority to use medical records in litigation." United States v. Bek, 493 F.3d 790, 802 (7th Cir. 2007). A protective order is one method to protect patient information during litigation, see id.; a motion to restrict document is another method. See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944 (7th Cir. 1999); see also Gen. L. R. 79(d) (E.D. Wis.).

The plaintiff has not objected to the motion to restrict, and the court believes there is good cause to grant the motion to protect the plaintiff's medical information. See Young v. Blozinski, No. 18-C-39, 2018 WL 4964612, at *3 (E.D. Wis. Oct. 15, 2018). The court will grant the motion.

The court **GRANTS** the defendants' Rule 7(h) expedited non-dispositive motion to restrict document. Dkt. No. 85.

The court **ORDERS** that the clerk's office shall **RESTRICT** dkt. nos. 87, 88 through 88-27 and 89 to case participants only.

Dated in Milwaukee, Wisconsin this 18th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**